**STATE of Iowa, Appellee,**

v.

**Brenda Faye SMITH, Appellant.**

**No. 89–1787.**

Court of Appeals of Iowa.

June 25, 1991.

merge the conspiracy (felony) offense into the possession (misdemeanor) offense. We affirm.

### (1)

On June 9, 1989, the Special Enforcement Unit of the Waterloo Police learned that suspicious and possibly illegal activities were taking place in room 206 of a hotel called the Conway Inne. Police sought and obtained a search warrant for the hotel room. Upon executing the search warrant, police seized cocaine, paraphernalia to use and manufacture cocaine, and other miscellaneous items. When Smith arrived at the room, police searched her and her purse. Smith's purse contained a small amount of money, notes, and a piece of wire which, as a police officer later testified, were consistent with items found in the room and the manufacture and use of cocaine.

Smith was charged with (1) possession of cocaine with intent to manufacture or deliver, Iowa Code § 204.401(1)(a) (class "C" felony); (2) conspiracy to manufacture, deliver, or possess cocaine with intent to manufacture or deliver, Iowa Code § 204.-401(1)(a) (class "C" felony); and (3) possession of heroin, Iowa Code § 204.401(3) (serious misdemeanor). Smith sought unsuccessfully to suppress all evidence obtained in the searches of the hotel room and her purse. A jury convicted Smith on the first count of the lesser-included offense of possession of cocaine (serious misdemeanor) and on the second count of conspiracy (class "C" felony). Smith challenges her convictions on grounds that the trial court erred in permitting evidence obtained in the searches into evidence.

The trial court sentenced Smith to one year in prison for the count I serious misdemeanor and to ten years in prison for the count II class "C" felony. The court ordered that the terms be served concurrently. Smith moved for resentencing, urging that her class "C" felony should be treated as a serious misdemeanor under Iowa Code section 706.3. The trial court rejected that contention; however, the court retracted the serious misdemeanor sentence and resentenced Smith to ten years for the felony offense only. Smith appeals her sentence

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Ray Walton, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Defendant Brenda F. Smith appeals her convictions of conspiring to manufacture, deliver, or possess a controlled substance, Iowa Code § 204.401(1)(c) (class "C" felony), and of possession of a controlled substance, Iowa Code § 204.401(3) (serious misdemeanor). She contends that the trial court erred in refusing to suppress the fruits of two allegedly unreasonable searches. Smith also appeals her sentence and an order which denies her request to

arguing that the trial court should have merged the felony offense into the misdemeanor offense for a one-year sentence rather than having merged the misdemeanor offense into the felony offense for a ten-year sentence.

### (2)

■ Because the constitutionality of the procedure used in obtaining the search warrant is at issue, we evaluate the totality of the circumstances, which is equivalent to a de novo review. *State v. Niehaus*, 452 N.W.2d 184, 187 (Iowa 1990). We consider only that information, reduced to writing, which was actually presented to the judge or magistrate at the time the application for a warrant was made. *State v. Weir*, 414 N.W.2d 327, 329 (Iowa 1987). We give substantial deference to the issuing judge's or magistrate's probable cause determination, especially when that determination rests on witness credibility, because warrants are favored. *Id.* at 330; *State v. Swaim*, 412 N.W.2d 568, 571 (Iowa 1987). Our duty is to ensure that the judge or magistrate had a substantial basis for concluding that probable cause existed. *Weir*, 414 N.W.2d at 329–30 (quoting *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983)).

■ Defendant Smith contends that officers obtained their search warrant by supplying information they knew was false or which recklessly disregarded the truth. The State has not briefed or challenged defendant's expectation of privacy in the hotel room. Although we have doubts about whether defendant has made the requisite showing, *see State v. Henderson*, 313 N.W.2d 564, 565 (Iowa 1981); *State v. Baker*, 441 N.W.2d 388, 390 (Iowa App.1989), we will assume that the trial court found that she had a reasonable expectation of privacy in the room. Defendant bears the burden to show that the search warrant application contained information which officers knew was false or by which officers showed reckless disregard for the truth. *Niehaus*, 452 N.W.2d at 186–87; *State v. Groff*, 323 N.W.2d 204, 208 (Iowa 1982). To prove any recklessness, the defendant must show that the deputy "in fact entertained serious doubts" about the truth of his statements to the issuing magistrate. *Niehaus*, 452 N.W.2d at 187.

In relevant part, the warrant application stated that officers had received an anonymous call. The caller informed police that defendant was staying in room 206 at the Conway Inne and was selling cocaine. The caller also stated that defendant had stolen a fur coat and had driven to Rockford, Illinois, to sell the coat to a person named Woods. Police learned that hotel management had noticed a lot of short-term traffic to room 206 and that the room was registered in the names of Barb Burks and Shelly Marquette.

The warrant application goes on to state that the Tennessee license plate number given by Burks and Marquette to the hotel was nonexistent. A check with Rockford police revealed that Woods was a known cocaine dealer and that the Rockford address given to the hotel was not registered in the name of Burks, Marquette, or defendant. Police also learned that one of the women had been seen with a known cocaine dealer named Bailey, that a number of calls had been received by room 206, and that at least one outgoing call was made to the home of two known cocaine users. Later, police learned that Marquette had reregistered the room in her name, giving a Cedar Rapids address on "N" Street. Checking with Cedar Rapids police, the warrant application states that officers learned that Marquette lived at the same house number on "M" Street.

The warrant application also states that an officer investigating heard statements made by men from within the room. The statements were: "See, I told you they would pay $30," and, "You will get yours out of the next batch." Throughout the application the affiant-officer interjects conclusions drawn from experience as to the meaning of the various facts and asserts that they are consistent with the use, manufacture, and distribution of cocaine. Based upon this information, the judge granted the search warrant and cited several of the salient facts as reliable and consistent with drug dealing.

Defendant first complains about four conclusions drawn by Judge Roger Peterson, who issued the warrant. In his endorsement Judge Peterson implies that Woods had purchased a stolen coat in the room. In fact, police had been unable to verify that a fur coat had been stolen. Also, Woods had never been in Waterloo; however, the warrant application alleged that defendant had gone to Rockford to sell the coat. Defendant also complains that Judge Peterson made inaccurate conclusions about Marquette giving a false address, about being seen with known drug dealer Bailey, and making a phone call to known drug users.

■ Defendant here asserts that the *issuing judge* made false conclusions, *not* that the *police affiant* provided false or reckless information. The doctrine of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), upon which defendant rests her argument has no application here. As adopted in *State v. Groff*, 323 N.W.2d 204, 206–08 (Iowa 1982), and explained in *State v. Niehaus*, "The inquiry adopted by *Franks* is limited to a determination of whether the *affiant* was purposely untruthful with regard to a material fact in his or her application for the warrant, or acted with reckless disregard for the truth." 452 N.W.2d 184, 186 (Iowa 1990) (emphasis added) (citing *Franks*, 438 U.S. at 171–72, 98 S.Ct. at 2684–85). In the present case, the issuing judge made one erroneous conclusion about Woods being in the hotel room, contrary to the affiant's allegations. The other conclusions complained of may or may not be false, but here too the affidavit clearly sets out the facts and can in no way be seen as misleading.

Defendant in no way argues that the *Franks* and *Groff* tests should be applied to magistrates; rather, she simply misapplies the law. Nevertheless, we find nothing in this case to persuade us that the test should be applied. The underlying theory in *Franks*, that information "be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true," 438 U.S. at 165, is not advanced by unsupported accusations that the judge or magistrate made false conclusions from "truthful" information. Instead, the issue logically becomes whether the issuing judge or magistrate, given alleged inaccuracies in his or her endorsement, properly concluded that probable cause existed to issue a warrant.

■ Our de novo review, based upon the information contained in the warrant application, leads us to the conclusion that there was probable cause to issue the search warrant. Information gathered from citizen informants and hotel management brought to police attention the movements of a number of known cocaine traffickers who were occupying a hotel room. This information, observed movements, and overheard conversations lead them to believe that criminal activity was afoot. As the *Franks* court noted, "[P]robable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily." 438 U.S. at 165, 98 S.Ct. at 2681. Defendant provides no direct or inferential showing that the affiant had reason to doubt the veracity of his allegations. *Niehaus*, 452 N.W.2d at 187.

The Waterloo police made two omissions, however, which might be somewhat troubling. They did not reveal the fact that they could not verify that a fur coat had been stolen. The affiant also did not mention that, during a stake-out of the hotel room, police had not observed "heavy" short-term traffic. "All that is required," however, "is that the circumstances surrounding the story, when taken together, are sufficient to support a determination of probable cause." *Id.* at 191. Evaluating the information in a common sense manner, *id.* at 190, we conclude that the warrant was properly issued, and therefore, the trial court did not err in refusing to suppress the evidence obtained thereby.

(3)

■ Defendant also complains that the trial court erred in refusing to suppress the evidence obtained by a search of her purse. The sequence of events is not entirely

clear. It appears that the police stopped defendant and her companions (a man and Marquette) as they were about to enter room 206 an hour after the room was searched. Police escorted the three into the room, where they read the warrant. Whether police seized and searched defendant's purse before her arrest is unclear. Defendant argues that there was no probable cause to search her purse and that the search was not incident to the arrest.

■ We note, as an initial matter, that a search warrant does not necessarily expire after a search is made. Each case, of course, must be decided on its own facts. *Go–Bart Importing Co. v. United States,* 282 U.S. 344, 357, 51 S.Ct. 153, 158, 75 L.Ed. 374 (1931). A number of the federal circuits have upheld the use of evidence obtained in a second search several hours after a warrant was initially served and executed. *United States v. Kaplan,* 895 F.2d 618, 623 (9th Cir.1990); *United States v. Carter,* 854 F.2d 1102, 1107 (8th Cir. 1988); *United States v. Bowling,* 351 F.2d 236 (6th Cir.1965), *cert. denied,* 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 663 (1966). This situation is patently different than that in our recent decision in *State v. Derifield,* 467 N.W.2d 297, 300–01 (Iowa App. 1991), in which we rejected a second warrantless search of an automobile because officers lacked probable cause to conduct a second search and because no exigency existed.

The State contends that the search was permitted under section 808.7, which states:

In the execution of a search warrant the person executing the same may reasonably detain and search any person or thing in the place at the time for any of the following reasons:

1. To protect the searcher from attack.

2. To prevent the disposal or concealment of any property subject to seizure described in the warrant.

3. To remove any item which is capable of causing bodily harm that the person may use to resist arrest or effect escape.

Assuming that the warrant to search the room had not expired, it would be disingenuous to argue that officers in fact were searching the room. As defendant notes in her motion to suppress, however, the warrant named the person of Shelly Marquette to be searched along with room 206. Defendant arrived in the company of Marquette and was present while the police read and executed the warrant. Given that defendant was identified as one whom police knew was associated with the subjects of the search warrant and was accompanying a subject of the search warrant, it was reasonable for the police to detain and to search her for the reasons indicated in Iowa Code section 808.7.

Defendant also contends that section 808.7 is unconstitutional under the United States Supreme Court's decision in *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). She notes in particular the court's statement that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Id.* at 91, 100 S.Ct. at 342. Certainly defendant's nearness to the subjects of the search warrant—a room in which police had already seized an array of paraphernalia for the use, manufacture, and distribution of cocaine and the person in whose name the room had been rented—contributed to the reasonableness of the search. As we have already noted, however, this was not simply a matter of propinquity. At the time she was searched, police had associated her with the activities in room 206 and with the people conducting those illicit activities. Police had received information from a citizen informant about her activities. Nevertheless, this presents a situation less like the bar room in *Ybarra,* 444 U.S. at 89–90, 100 S.Ct. at 341–42, and more like the protective search in *Michigan v. Long,* 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3480–81, 77 L.Ed.2d 1201 (1983). We hold that the district court did not err in refusing to suppress evidence obtained from the search of defendant's purse.

(4)

■ Defendant contends that the district court erred in merging her substantive pos-

session conviction into her conspiracy conviction. She asserts that Iowa Code section 706.4 requires that the converse merging of the conspiracy into the possession conviction should have occurred. Iowa Code section 706.4 states:

**Multiple convictions.**

A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy. A person may not be convicted and sentenced for both the conspiracy and for the public offense.

We conclude that this statute is inapposite. Smith was convicted on count I of a lesser-included offense, misdemeanor possession of a controlled substance. Smith was convicted on count II of the charged offense, felony conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver cocaine. The added intent element in the latter public offense makes it entirely different than the former. Had Smith been convicted under count II of conspiracy as defined in section 706.1 to possess cocaine in violation of section 204.-401(3) (for which she was convicted in count I), then section 706.4 would apply to merge the conspiracy into the substantive offense. *See generally State v. Waterbury,* 307 N.W.2d 45, 51–52 (Iowa 1981). In enacting section 706.4, the legislature at least implicitly assumed that the public offense of which the defendant was convicted would be the same public offense of which the defendant had been convicted of conspiring to commit.

### (5)

We hold that the trial court did not err in refusing to suppress evidence obtained through the search of the hotel room or defendant's purse. In obtaining the warrant for the room, police did not supply false or reckless information and did show probable cause. As for the search of the purse, police reasonably detained and searched defendant in the execution of a valid search warrant. We further hold that the trial court did not err in refusing to merge defendant's felony conspiracy conviction into her misdemeanor possession

conviction because the substantive public offense she conspired to commit was not identical to the substantive public offense of which she was convicted.

AFFIRMED.