STATE of Iowa, Appellee,

v.

**Diana Lynn GILLESPIE, Appellant.**

No. 92–135.

Court of Appeals of Iowa.

May 25, 1993.

Linda Del Gallo, State Appellate Defender and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Douglas R. Marek, Asst. Atty. Gen., David J. Welu, County Atty. and Wayne M. Reisetter, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SACKETT, J. and KEEFE, Senior Judge.*

SACKETT, Judge.

Defendant-appellant Diana Lynn Gillespie appeals following her conviction for possession of methamphetamine with intent to deliver and failure to affix a drug tax stamp. Defendant contends (1) evidence obtained in a search of her residence should have been suppressed; (2) there was

---

* Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.
1. The application for the search warrant stated:
On several occasions since December 1, 1990, I have had an informant make purchases of methamphetamine from James E. Shelley. There were controlled buys involving pre-buy meetings with C.I. giving C.I. money to purchase controlled substances patting down C.I. to confirm no controlled substances on C.I., observing C.I. enter Shelley's residence and leave and following C.I. to prearranged meeting place and being given suspect material by C.I. Material was field tested and confirmed to be methamphetamine, a controlled substance.
The officer also submitted additional supporting information:

insufficient evidence to support her conviction; (3) she was put in double jeopardy; and (4) she did not have effective representation by trial counsel. We reverse and remand.

Defendant was charged together with James Shelley and Patricia Boucher following an entry via a search warrant into a house defendant and Shelley occupied. Methamphetamine was found on Shelley and in his bedroom. Shelley pled guilty to possession of methamphetamine with intent to deliver. The State dismissed a tax stamp charge in exchange for his agreement to testify against defendant.

At trial, Shelley testified he had obtained the drugs two minutes earlier from defendant; no drugs were found in defendant's room or on her person.

Defendant first contends her motion to suppress evidence obtained in the search should have been sustained because material misrepresentation and stale evidence that did not show any present activity was taking place on the premises formed the basis for granting the warrant.

The State obtained the challenged search warrant to search Shelley's home on February 7, 1991. The application for the search warrant contained an affidavit by a deputy sheriff stating he had on several occasions since December 1, 1990, had an informant make controlled buys at Shelley's residence. The application for the warrant did not provide the magistrate with information of the number of buys or the dates of the buys [1].

C.I., number –D–19 told me that Ed Shelley is involved in selling and using narcotics and on several occasions in the past couple of months has made purchases of illegal narcotics from him at his residence or at pre-arranged locations. These purchases have been controlled buys, therefore, I met with C.I. –D–19 and gave C.I. –D–19 money to purchase narcotics, patted down C.I. and confirmed that C.I. had no narcotics in their possession. We then followed C.I. to place of purchase and after buy was made by C.I., we met with C.I. again at a prearranged location and was given containers of suspected illegal narcotics. Tests were run on the suspect material and a positive indication was given for controlled subs.

At the suppression hearing, the deputy sheriff who signed the affidavit supporting the application for the warrant testified that on December 9, and 15, 1990, he arranged for an informant to buy controlled substances from James Shelley, and the informant did make controlled buys from James Shelley at Shelley's residence.

In December 1990, Shelley and defendant were not living in the same home. Defendant moved into Shelley's house before the time the warrant was issued. The evidence at the suppression hearing was the buy on December 9 came from stock in Shelley's home, but during the December 15 buy, Shelley left his home and went allegedly to an apartment that was then occupied by defendant and another woman to get the substance for the buy.

■ We review de novo because defendant raises a constitutional issue. *State v. Lamp*, 322 N.W.2d 48, 50 (Iowa 1982). We look at the evidence introduced during the trial as well as at the suppression hearing. *State v. Brown*, 253 N.W.2d 601, 603 (Iowa 1977).

■ The validity of a search warrant is determined by looking at the facts in the affidavit and abstracts of testimony presented to the judge or magistrate issuing the warrant. *State v. Easter*, 241 N.W.2d 885, 886 (Iowa 1976). Only information that was actually presented to the judge or magistrate is considered in determining the validity of a warrant. *State v. Seiler*, 342 N.W.2d 264, 266 (Iowa 1983).

The first question is whether the deputy made intentional or material misrepresentations to obtain the warrant. Defendant contends the deputy made intentional and material misrepresentations because the application for the warrant did not give the dates of the buys and said there were several buys, not that there were two buys. The application did not tell the magistrate the two buys had occurred in a six day period and the last buy had occurred fifty-four days before the warrant application was made. The application did not tell the

magistrate the drugs in the second buy did not come from the premises sought to be searched.

The deputy at the suppression hearing readily admitted he had purposely not given the dates and number of controlled buys and had waited a substantial period after the second buy to apply for the warrant because he wished to protect the identity of the confidential informant.

■ To show the warrant was obtained by intentional or material misrepresentations, defendant has the burden of establishing intentional or material misrepresentation by a preponderance of the evidence. *State v. Paterno*, 309 N.W.2d 420, 424–25 (Iowa 1981). Defendant must demonstrate deliberate, false, or reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684–85, 57 L.Ed.2d 667, 682 (1978). If we find the affiant consciously falsified the information or acted with a reckless disregard for the truth, then the offensive material must be deleted and the remainder of the warrant reviewed to determine whether probable cause existed. *State v. Niehaus*, 452 N.W.2d 184, 186–87 (Iowa 1990).

We agree with defendant that the statements in the affidavit filed February 7, 1991, stating several buys since December 9, 1990, convey a different inference than had the affidavit stated there were two buys, one on December 9, and one on December 15, 1990, or that the drugs from the second buy did not come from the premises sought to be searched. The testimony of the deputy was the dates, numbers, and times of buys were purposely omitted to protect the informant[2].

The failure to provide the dates was relevant in this case because as defendant next contends the evidence used in obtaining the warrant was not recently obtained. Defendant contends because the evidence was not recent, it did not support issuing the warrant.

---

**2.** We appreciate the candor of the Attorney General in her brief in advancing the deputy's justi- fication for vagueness and delay was not necessarily condoned by the state.

■ Information that there was property at a specific location several weeks or months in the past may not be sufficient to establish a substantial probability the property is still at the same location on the date the application for the warrant is made. The staleness issue is only resolved by considering all the factors present in a particular situation. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627, 642 (1976); *Paterno*, 309 N.W.2d at 423.

The problem with the way the information was given the magistrate in the application is it did not alert the magistrate to the possibility the evidence was stale and that the magistrate needed to make a determination as to the staleness of the information.

■ Information that a controlled buy was made fifty-four days earlier is not recent information. And because of the time lapse, it is necessary for the magistrate to make a determination from all available information whether the evidence discloses a continuing offense that is likely to remain in operation for a period of time. *Andresen*, 427 U.S. at 480, 96 S.Ct. at 2748, 49 L.Ed.2d at 642. The question then becomes one of whether the evidence indicates the offenses are of a continuous nature. Generally, a single instance does not provide probable cause the situation will continue for an extended period of time. *Bastida v. Henderson*, 487 F.2d 860, 864 (5th Cir.1973).

The focal point is whether the affidavit establishes a continuing offense rather than the time lapse between the observation and the issuance of the search warrant.

■ To determine whether a continuing offense was shown, we look to the nature of the criminal activity, the length of the activity, and the nature of the property seized.

The activity was sales of drugs. There is a likelihood sales would have continued for a period. We then look to the length of time the activity occurred in the past as relevant to continuity in the future. Here, the sales were over the course of less than a week, and only on one of the two occasions were the substances sold readily available in the place searched.

A second factor is the nature of the property seized. The property seized was readily moveable and not affixed to the home. It also is easily destroyed.

■ We also look to the adequacy of observation. The reported observations were not specific, or detailed or more than two in number. While the observations prove probable cause this is not enough, they must also establish a presumption the offense is continuing. *See United States v. Nichols*, 89 F.Supp. 953, 956 (D.Ark. 1950).

■ The affidavit failed to provide the magistrate with information to determine whether the evidence was stale and whether the evidence, if stale, was sufficient to show a probable cause of a continuing activity. The deputy in purposefully omitting that information from the application denied the magistrate the facts needed to determine whether a warrant should issue. The actual facts known to the deputy in making the affidavit do not support a finding of continuity but rather an isolated offense or an offense that cannot be determined to be continuing and when there is such an offense, the probability of finding evidence of such activity decreases drastically in only a few days. *See United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972). We reverse the trial court. The seized evidence should have been suppressed.

We recognize the search found contraband and that makes this case difficult. But we also recognize the constitutional protections we all have against unreasonable search and seizure. These protections can only be maintained if we demand honesty in the issuing of search warrants.

Defendant's second contention is the charge should have been dismissed because there was not sufficient evidence to convict her. She points out the evidence does not show her in possession of drugs and all of

the drugs were found either on James Shelley's person or directly in front of him on the dresser. She said there was no circumstantial evidence connecting her to the drugs because she was not close to them. She says the only evidence connecting her to the drugs was Shelley's testimony and it was not corroborated.

Defendant claims Shelley was an accomplice and under Iowa Rule of Criminal Procedure 20(3) and applicable case law, it is necessary there be corroboration of his testimony and there was no corroboration. Shelley was charged jointly with Gillespie and pled guilty to one charge. He, therefore, meets the definition of an accomplice. *State v. Berney*, 378 N.W.2d 915, 917 (Iowa 1985). To be sufficient to create a jury question, corroborative evidence must corroborate a material aspect of the accomplice's testimony connecting the defendant with the commission of the crime charged. *State v. Brown*, 397 N.W.2d, 689, 694–95 (Iowa 1986). Corroborative evidence need not be strong nor entirely inconsistent with innocence. *State v. Dickerson*, 313 N.W.2d 526, 529 (Iowa 1981). Each case must be governed by its own circumstances and evidence which merely raises a suspicion the accused is the guilty party is not sufficiently corroborative of the testimony of an accomplice to warrant a conviction. *State v. Aldape*, 307 N.W.2d 32, 41 (Iowa 1981); *State v. Gates*, 246 Iowa 344, 351, 67 N.W.2d 579, 583 (1954). There was substantial evidence to support the conviction on the record made in the first trial. Whether there will be on retrial we cannot decide on this record.

The other issues raised by defendant concerning ineffective assistance of her trial counsel are now moot because her conviction has been reversed and remanded for new trial.

**REVERSED AND REMANDED.**