**STATE of Iowa, Plaintiff–Appellee,**

v.

**Rhonda Kay BARGER, Defendant–Appellant.**

No. 92–1631.

Court of Appeals of Iowa.

Nov. 29, 1993.

Linda Del Gallo, State Appellate Defender, Shari Barron, Asst. Appellate Defender, for defendant-appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Lee E. Poppen, County Atty., and Mary A. Schlicher, for plaintiff-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal by defendant-appellant Rhonda Barger from judgment and sentence entered following her conviction of possession of a controlled substance with the intent to deliver and failure to affix a drug tax stamp in violation of Iowa Code sections 204.401, 421A.3 and 421A.12 (1991). We affirm.

Defendant was convicted following a trial to the district court on stipulated evidence. The evidence supporting defendant's conviction was seized under a search warrant.

The search warrant was issued on the basis of information supplied to a police officer by an informant named Michael Schossow. On November 8, 1991, Schossow was arrested on drug charges. According to the State, Schossow gave information concerning the defendant and a Nancy Larson. Larson and five others were then arrested. Of the six people arrested, Larson is the only one the State contends gave a statement incriminating defendant.

■ Defendant contends the trial court should have suppressed evidence obtained as a result of the search warrant because an Eagle Grove police officer omitted facts and made misrepresentations in applying for the search warrant. Defendant contends if the correct facts were included in the warrant application, the evidence would not support a finding of probable cause.

■ The test for probable cause to issue a search warrant is whether a reasonable person would believe a crime was being committed on the premises to be searched or that evidence of a crime would be located there. *See State v. Todd,* 468 N.W.2d 462, 466 (Iowa 1991).

■ To show the warrant was obtained by intentional or material misrepresentations, defendant has the burden of establishing intentional or material misrepresentation by a preponderance of the evidence. *State v. Paterno,* 309 N.W.2d 420, 424–25 (Iowa 1981). Defendant must demonstrate deliberate, false, or reckless disregard for the truth. *Franks v. Delaware,* 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684–85, 57 L.Ed.2d 667, 682 (1978). If we find the affiant consciously falsified the information or acted with a reckless disregard for the truth, then the offensive material must be deleted and the remainder of the warrant reviewed to determine whether probable cause existed. *State*

*v. Niehaus,* 452 N.W.2d 184, 186–87 (Iowa 1990).

The search warrant was issued on the application of officer Martin Botts. The application filed on November 13, 1991, stated:

I have received information that Rhonda Barger has in her possession, a quantity of illegal substance. It was further given by the informant, Michael Alan Schossow, that this substance was distributed for sale by Barger.

Intelligence information corroborates Mike's story that Rhonda does sell controlled substances from her residence.

Schossow advised that he drove a person to the Barger residence at approx. 0930 hrs on 11–08–91. That person did purchase a quantity of marijuana from Rhonda at her residence in Eagle Grove, Wright County, Iowa.

Information gained from Schossow is not readily known by the general public.

*A few days ago, several people were arrested for the possession of controlled substance. During debriefing of these subjects, intelligence information showed that Rhonda Barger is currently actively engaged in the sell and distribution of illegal substance.*

Information gained from these subjects is information not generally known by the general public. (Emphasis supplied).

Officer Botts testified he relied on statements made by Michael Schossow and Nancy Larson for the warrant application. Schossow and Larson both denied supplying any information about defendant to officer Botts. The interviews officer Botts testified he conducted with Larson and Schossow were allegedly witnessed by officer Hansen. Hansen confirmed the testimony of officer Botts. Wright County dispatcher Sheri Sidmore witnessed the interview of Larson by officers Botts and Hansen and said she agreed with the officers' testimony about the information Larson gave them.

The trial court found:

This court believes the testimony of Officers Hansen and Botts that Nancy Larson told them that Defendant Rhonda Barger was actively engaged in the sale of controlled substances …

The testimony of Sheri Sidmore, the police matron, corroborates the officer's testimony regarding Ms. Larson, even though Ms. Larson herself denies, under oath, making such statements.

Mr. Schossow now denies that he told the police anything. This court finds his testimony no more believable than Nancy Larson.

■ Deference to a magistrate's finding of probable cause does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based. *United States v. Leon,* 468 U.S. 897, 914, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677, 693 (1984); *Franks,* 438 U.S. at 165, 98 S.Ct. at 2681, 57 L.Ed.2d at 678.

On the warrant application officer Botts noted he had known Schossow for two years, he had supplied information one time in the past, his past information had helped supply the basis for a search warrant, his past information had led to the making of two arrests, past information from Schossow had led to the filing of possession of controlled substance charges, past information from Schossow had led to the discovery and seizure of stolen property, drugs or other contraband, and the information supplied by Schossow in this investigation has been corroborated by law enforcement personnel. Attachment B, a statement of officer Botts, stated:

This informant has provided law enforcement with information in the past that has led to the making of two arrests for drug possession of class I controlled substances and one arrest of a person for a class II controlled substance. This information was gained and arrests were made in the last 21 days. The informant advises that in the last seventy-two hours, he drove a person to the residence of Rhonda Barger. The person went into the residence. After exiting the residence, that subject displayed a quantity of marijuana that she advised the informant had been purchased from Rhonda Barger at Rhonda's residence in Eagle Grove, Wright County, Iowa.

■ The validity of a search warrant is determined by looking at the facts in the affidavit and abstracts of testimony presented to the judge or magistrate issuing the warrant. *See State v. Easter*, 241 N.W.2d 885, 886 (Iowa 1976). Only information that was actually presented to the judge or magistrate is considered in determining the validity of a warrant. *Seiler*, 342 N.W.2d at 266.

A search warrant is a substantial infringement on individual rights. A search warrant should only issue when all requirements for its issuance are met.

Defendant contends the statement as written by officer Botts conveys the initial information was given by Schossow and corroborated by more than one person, when, in fact, it was only corroborated by Larson. We agree with the defendant that by the officer's use of the word "several", the issuing magistrate could well have concluded the officer was relying on information from more than two people. *See State v. Gillespie*, 503 N.W.2d 612, 615 (Iowa App.1993), where we discussed the fact the officer's statement there were several buys did not tell the magistrate there were two buys. The officer's choice to use the words "several people" rather than "one person" where the officer knew the exact number of people can be deceptive. The use of the word "several" where the officer knows the correct number is suspect. We do not, however, under the facts of this case find the officer's failure to give the magistrate the exact number of persons defeats the warrant. This case is distinguishable from *Gillespie* where the officer testified he had purposely not given the number. The information given supported issuing the warrant. *See Niehaus*, 452 N.W.2d at 186–89.

■ Defendant contends the trial court abused its discretion in admitting evidence without proper foundation.

The inventory made during the search of items seized from defendant's house included a number of what were referred to as "snow seals" containing methamphetamine.

The inventory made at the time of the search shows twenty-one snow seals, however; at trial, the State was allowed to introduce an additional ten snow seals that the officer testified were also found but not inventoried. The only explanation given for the difference in number is it was likely the inventorying officer did not write down all of the snow seals.

The prosecution is required to show sufficient custody of physical evidence to establish that the article presented at trial is the same one taken from the defendant and that it has not been altered by intermeddlers. Thus, a '[t]rial judge determines the sufficiency of physical evidence identification in light of the article's nature, circumstances surrounding its custody and the likelihood of intermeddlers tampering with it.' *State v. Bakker*, 262 N.W.2d 538, 543 (Iowa 1978). The more susceptible an article is to alteration or substitution, the higher the showing of chain of custody required. *Id.* The level of custody required is that which 'make[s] it reasonably probable that tampering, substitution or alteration ... did not occur.' *Id.* 'Contrary speculation affects the weight of the evidence but not its admissibility.' *State v. Lunsford*, 204 N.W.2d 613, 617 (Iowa 1973).

*State v. Langlet*, 283 N.W.2d 330, 336 (Iowa 1979).

Officer Botts testified that he inventoried the items and maintained sole custody, storing them in his locked evidence locker. Three days after the search warrant was executed, officer Botts, working from the inventory sheet, wrote a police report showing fifteen snow seals of methamphetamine weighing approximately 8¼ grams had been seized.

The State contends the weight of the snow seals listed in the officer's report is consistent with the weight of the snow seals sent to the DCI Lab for analysis and the amount still in the State's custody.

The trial court found:

As to the snow seals, the State contends that the officer simply recorded the wrong number of snow seals confiscated. The State points out that the weight of the snow seals listed in the officer's arrest report is consistent with the weight of the

snow seals produced at the suppression hearing.

[I]n regard to the snow seals this Court accepts the officer's explanation that it was simply [an] error that the correct number was not listed in the inventory. This Court reaches this conclusion particularly due to the fact that the weight of the snow seals in the officer's report is consistent with the number of snow seals now held by the police.

In addressing the foundational prerequisite for the admissibility of physical evidence, the court in *Bakker,* said:

> Failure to account for continuous custody or to negative any reasonable probability of tampering or substitution of evidence ordinarily is fatal to the State's case. *State v. Weltha,* 228 Iowa 519, 524, 292 N.W. 148, 150 (1940). However, in establishing a chain of custody adequate to justify admission of physical evidence, the State only need show circumstances making it reasonably probable that tampering, substitution or alteration of evidence did not occur. Absolute certainty is not required. *State v. Jeffs,* 246 N.W.2d 913, 915 (Iowa 1976).
>
> Trial judge determines the sufficiency of physical evidence identification in light of the article's nature, circumstances surrounding its custody and the likelihood of intermeddlers tampering with it. A more elaborate foundation is required to identify evidence that is easily substituted, such as marijuana, than is necessary to identify physical evidence with unusual characteristics, such as money, a gun, clothing and a body, or matches and glasses. *State v. Ash,* 244 N.W.2d 812, 816 (Iowa 1976); *State v. Lunsford,* 204 N.W.2d 613, 616–17 (Iowa 1973). Unless trial judge's decision to admit evidence over a chain-of-custody objection constitutes a clear abuse of discretion, it will not be overturned. *Id.* at 617.

*Bakker,* 262 N.W.2d at 542–43.

The State admits twelve of the snow seals that were put in evidence were not recorded on the inventory at the time of the search.

We find twenty-one snow seals were inventoried and thirty-one[1] snow seals were introduced at the suppression hearing. Therefore, while the State admits twelve snow seals were not recorded, our findings are ten more snow seals were admitted than were inventoried at the time of the search.

The State explains the discrepancy saying the officers doing the inventory at the time of the search found thirty-one snow seals, but the officer recording the seized items neglected to write down all of the snow seals. The State contends it proved the number of snow seals taken in the search were the number introduced at trial because (1) there is testimony the officer making the search wrote down the wrong number and (2) the weight of the methamphetamine introduced at the suppression hearing was consistent with the weight listed in the officer's arrest report.

The arrest report the State used to support its chain of custody and the trial court relied on in finding the evidence admissible was prepared within a week after the search. The arrest report showed there were fifteen snow seals. The officer making the arrest report testified he took the weights written on the snow seals and added them up to make 8.25 grams.

The amount sent to the DCI lab according to the State was 7.59 grams and according to defendant there was 7.38 grams. The only conclusion we can reach from the state lab report is the defendant has correctly interpreted it.

The State seeks to justify the discrepancy between the arrest report and the inventory and the evidence introduced at trial by the testimony of the officer making the arrest report that he was looking at the inventory sheet in doing the arrest report.

■ The trial court has considerable discretion in determining whether the State has shown the chain of custody necessary for admission. *See Langlet,* 283 N.W.2d at 336–37. We are dealing with evidence easily substituted, consequently, a more elaborate foundation is required. *Bakker,* 262 N.W.2d at 543.

---

**1.** At one point in the record, there is a reference to thirty-two snow seals.

We have spent hours attempting to reconstruct the chain of custody of the drugs introduced in evidence. Clearly, the officers involved in handling the drugs gave inadequate attention to the details of inventorying and cataloging the evidence.

After very careful searching, we have found evidence to support the trial court's decision. We review only for an abuse of discretion. *See State v. Lamp,* 322 N.W.2d 48, 57 (Iowa 1982).

 Defendant's last contention is convictions for possession of a controlled substance with an intent to deliver and failure to affix a drug stamp are double jeopardy.

This argument was rejected in *State v. Gallup,* 500 N.W.2d 437 (Iowa 1993). Even if delivery of a drug is a lesser-included offense of the drug tax stamp offense, there is no double jeopardy violation because the state legislature has clearly authorized multiple punishments. *Id.* at 443.

**AFFIRMED.**

DONIELSON, J., takes no part.