COMMONWEALTH *vs.* JOHN LAUGHLIN. No. 95-P-1567. May 1, 1996. *Search and Seizure,* Probable cause. *Probable Cause. Constitutional Law,* Probable cause.

The search warrant that led to the recovery of more than 100 grams of cocaine in the defendant's residence was supported by an affidavit that plainly established probable cause for his arrest as a supplier of cocaine to the occupants of 75 Temple Street, Haverhill. (Those occupants sold cocaine to users on a retail basis.) The defendant was seen to arrive at 75 Temple Street in a Nissan Pathfinder, the registration plate of which led the police to identify his residence as 81 Hunter's Run, also in Haverhill. This was confirmed by observation of the Nissan Pathfinder parked at 81 Hunter's Run. Beyond the evidence that the defendant was a drug dealer and lived at 81 Hunter's Run, there was nothing in the affidavit that indicated drugs were to be found at 81 Hunter's Run.

Prior decisions seem to require that something more be shown to give

probable cause to search a dealer's residence for drugs. Typically activity suggestive of drug activity at the residence furnishes the connection: numerous brief visits to the residence by strangers, for example, as in *Commonwealth* v. *Hall*, 366 Mass. 790, 798 (1975), *Commonwealth* v. *Watson*, 36 Mass. App. Ct. 252, 255 (1994), and countless other cases, or observations of the defendant leaving from his residence en route to drug sales, as in *Commonwealth* v. *Blake*, 413 Mass. 823, 829 (1992). This case is more like *Commonwealth* v. *Olivares*, 30 Mass. App. Ct. 596, 600-601 (1991), where the affidavit, it was held, established probable cause to search the defendant's business premises because of a sale at that location, but not his residence; and *Commonwealth* v. *Collazo*, 34 Mass. App. Ct. 79, 84 (1993), where the officers who had arranged a controlled buy were held not to have had probable cause to search the dealer's residence until the transaction was effected at that residence (thus excusing the officers from not having obtained a warrant prior to searching it). Compare *Commonwealth* v. *Kaufman*, 381 Mass. 301, 304 (1980) (search warrant for dealer's residence held improperly issued in part because supporting affidavit failed to connect drug transactions to any one of the defendant's residences in particular). In *Commonwealth* v. *Vynorius*, 369 Mass. 17, 23-26 (1975), the dealer whose activities formed the basis of the search warrant affidavit was a sixteen year old student who sold in the area just around his residence.

*Judgment reversed.*

*Order denying motion to suppress drugs and paraphernalia found in residence reversed.*

*Joseph J. Machera* for the defendant.
*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.