STATE of Iowa, Appellee,

v.

Troy Vernon FRANKLIN, Appellant.

No. 95–2101.

Court of Appeals of Iowa.

March 28, 1997.

Linda Del Gallo, State Appellate Defender, and Sharon R. Stevens, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Susan M. Crawford, Assistant Attorney General, Richard R. Phillips, County Attorney, and Kerrie L. Snyder, Assistant County Attorney, for appellee.

CADY, Judge.

The issue we confront in this appeal is whether substantial evidence supported a probable cause determination made by a judge for the issuance of a warrant to search a motel room occupied by Troy Franklin. The district court concluded probable cause existed to support the issuance of the search warrant and overruled Franklin's motion to suppress the evidence seized in the search. We agree with the district court and affirm the conviction.

On July 5, 1995, a maid at the Canterbury Inn in Muscatine found a small vial containing a white powdery substance while cleaning room 141, a fanta-suite called the "forest room." Crystal Stockton had checked into the room the preceding day and stayed there overnight with her companion, Troy Franklin. On July 5, Stockton and Franklin moved to room 152, another fanta-suite in the inn called the "jungle room."

The maid turned the vial over to a desk clerk, who contacted the police at approximately 1:00 p.m. The police conducted a field test on the white powdery substance from the vial and found it was methamphetamine. At approximately 3:00 p.m. a police officer presented an application to a district associate judge for a warrant to search room 152.

The application indicated the motel cleaning staff found "a small amount" of a "powdery substance" in room 141 while cleaning the room that morning. It further explained the substance was turned over to police and a test determined it was methamphetamine. Finally, the application stated the occupants of room 141 had "changed to room 152," and were currently staying in room 152. No additional information relevant to the probable cause issue was presented. The judge issued a warrant to search room 152 for drugs and drug paraphernalia.

Police subsequently searched room 152. They found a bag containing 3.19 grams of cocaine powder, a "snort tube," a small scale, a bag of marijuana, a flashlight containing 12.52 grams of methamphetamine, two handguns, ammunition, a "speed loader," cash, and a notebook. Stockton and Franklin were not in the room when police initiated the search, but entered the room sometime after the search began. They were arrested and charged with possession with intent to deliver and failure to have a tax stamp affixed to the drugs. Franklin was carrying a vitamin supplement known to be a common cutting agent for controlled substances at the time of his arrival. Stockton had $2100 in cash in her possession.

Franklin sought to suppress the evidence seized during the search of room 152. The district court overruled the motion. The evidence seized from room 152 was introduced at trial. A jury subsequently found Franklin guilty as charged. Franklin was also found to be in immediate possession or control of a firearm while participating in the crime. He was sentenced to a term of imprisonment.

Franklin appeals. He claims probable cause did not support the issuance of the search warrant. He also asserts there was insufficient evidence he had immediate possession or control over a firearm.

### I. Probable Cause

We begin our analysis by recognizing the venerable principle that a search warrant may issue only when based upon probable cause. U.S. Const. amend IV; Iowa Const. art. 1, § 8; Iowa Code § 808.3 (1995); *State v. Beckett,* 532 N.W.2d 751, 753 (Iowa 1995). The concept of probable cause, however, is not easily defined or explained. *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527, 544 (1983). Rather, by design, it is fluid and flexible to cover each particular factual setting and utilizes the non-technical, common-sense judgment of reasonable persons. *Id.* at 232–36, 103 S.Ct. at 2329–31, 76 L.Ed.2d at 544–46. Efforts to exact a degree of certainty from the probable cause standard only end where they begin. In the final analysis, probable cause requires a fair probability of criminal activity. *Id.*

Appellate courts follow this common sense approach to probable cause in their review of probable cause determinations made by judges or magistrates prior to the issuance of a search warrant. Thus, our review is not de novo, rather we decide whether the judge or magistrate who issued the warrant had a substantial basis for concluding probable cause existed. *State v. Green,* 540 N.W.2d 649, 655 (Iowa 1995). Moreover, we generally resolve close probable cause questions in favor of upholding the warrant. *Id.*

It is important to recognize the target of the probable cause determination for the issuance of a search warrant is not the particular suspect of a crime, but the reasonableness of a belief that the item to be seized will be located in the place to be searched. *Zurcher v. Stanford Daily,* 436 U.S. 547, 556, 98 S.Ct. 1970, 1976–77, 56 L.Ed.2d 525, 535 (1978). The totality of the circumstances must show a reasonably prudent person would believe a crime was committed at the place to be searched or evidence of a crime would be located at the place to be searched. *State v. Padavich,* 536 N.W.2d 743, 747 (Iowa

1995). Stated another way, a nexus must be reasonably shown between the criminal activity, the things to be searched, and the items to be seized. *State v. Thomas,* 540 N.W.2d 658, 663 (Iowa 1995). This nexus may be established by considering the nature of the alleged crime and items to be seized, the opportunity to conceal the items, and any inferences concerning the location of the items. *Id.*

The inferences used to connect the place to be searched with the criminal activity, however, must be those that would normally reveal where the items would be located. *See United States v. Pace,* 955 F.2d 270, 277 (5th Cir.1992). There must be more than a mere suspicion of criminal activity. *State v. Leto,* 305 N.W.2d 482, 485 (Iowa 1981).

In this case, the information before the judge relevant to the probable cause determination was a small amount of methamphetamine which had been found by motel cleaning staff in a motel room previously occupied by guests who had moved into a different room in the motel. The State argues it is reasonable to believe the drugs found by the cleaning staff were placed in the motel room by the former occupants and it is further reasonable to believe the occupants would have additional drugs in the room they occupied.

A single instance of possession of illegal drugs at a particular location will ordinarily support a finding of probable cause to search that location if the warrant is sought and issued within a relatively short period of time after possession occurred. *State v. Paterno,* 309 N.W.2d 420, 424 (Iowa 1981); Wayne R. LaFave, *Search and Seizure* § 3.7, at 684 (3d ed.1978); *see State v. Gillespie,* 503 N.W.2d 612, 616 (Iowa App.1993). The rationale for this rule is drugs are easily movable, and probable cause must exist at the time the warrant issued. *See Commonwealth v. Watson,* 36 Mass.App.Ct. 252, 629 N.E.2d 1341, 1344 (Mass.App.1994).

The State argues this same principle applies to establish probable cause in this case. It asserts probable cause would extend to most any location occupied by Franklin with-

in the motel within a reasonable period of time after discovery of the drugs.[1]

 We emphasize the Fourth Amendment protects people, not places. *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576, 582 (1967). This means it protects a person's legitimate expectation of privacy in the invaded place. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387, 401 (1978). We have previously expressed doubts whether a person has a legitimate expectation of privacy in a hotel room. *See State v. Smith,* 476 N.W.2d 86 (Iowa App.1991). Notwithstanding, we think the expected level of privacy in a motel or hotel room can be as great as in a home or office. *United States v. Jackson,* 588 F.2d 1046, 1052 (5th Cir.1979). Thus, the Fourth Amendment normally provides the same protection to each of these locations. *Id.* In this case, Franklin had a privacy interest in room 152. The Fourth Amendment protected this privacy interest, separate and distinct from the privacy interest he previously enjoyed in room 141.

The inference drawn by the State to support probable cause is based on very limited evidence. There was no information provided about the background of the occupants of the motel room. *See Padavich,* 536 N.W.2d at 750 (evidence of defendants' past drug activity suggests marijuana use on particular occasion was not an isolated incident); *Connecticut v. Nazario,* 38 Conn.App. 588, 662 A.2d 1313, 1318 (1995) (known drug dealers likely to have drugs where they live); *see also Commonwealth v. Laughlin,* 40 Mass. App.Ct. 926, 663 N.E.2d 1245 (1996) (evidence defendant is a drug dealer not probable cause to search house). Nor was there evidence of a pattern of drug use. Moreover, there was no actual evidence of drug use other than the discovery of a small quantity of drugs. *See State v. Keller,* 870 S.W.2d 255, 258 (Mo.App.1994) (syringes, cocaine powder, and a razor were found in bathroom area of hotel room by cleaning staff, together with evidence guest paid cash for room, refused maid service, had food delivered to room, made a large number of telephone

calls, received a number of short-term visitors, and placed an envelope in a hotel safety deposit box sufficient to support finding of probable cause for issuance of a search warrant); *United States v. Williams,* 974 F.2d 480, 481–82 (4th Cir.1992) (totality of circumstances establishes fair probability drug paraphernalia will be found in drug dealer's motel room when three weeks before motel search police found drug paraphernalia in defendant's residence). There was no additional information describing the location of the drugs within the room, any packaging of the drugs, whether the drugs were in plain view of the cleaning staff, or the number of days the guests were in the room or expected to remain in the motel. Thus, the limited evidence clearly intensifies the probable cause determination in this case.

 We believe the discovery of drugs in a motel room would normally support an inference they were left by the last occupant of the room. *See United States v. Fama,* 758 F.2d 834, 838 (2d Cir.1985) (probable cause is not negated because an innocent explanation may also be consistent with the facts). It would normally be evidence of a crime. The issue, however, is whether this evidence also makes it probable the motel guests possess additional drugs in the next location they occupy. *See State v. Seager,* 341 N.W.2d 420 (Iowa 1983) (contrasting probable cause to search with probable cause to arrest).

Probable cause to believe a person has committed a crime is not, by itself, adequate to secure a search warrant for the person's home or another place. *United States v. Ramos,* 923 F.2d 1346, 1351 (9th Cir.1991). There must be additional circumstances to establish a fair inference the items to be seized are located at the particular place. *State v. Godbersen,* 493 N.W.2d 852, 855 (Iowa 1992) (drugs found in car and packaged to indicate person is involved in drug dealing supports reasonable belief person keeps drugs, weighing and measuring devices, packaging materials and profits at residence). *But see United States v. Stout,* 641 F.Supp. 1074, 1078–79 (N.D.Cal.1986) (arrest

---

1. The argument by the State was based on the same rationale the district court followed. The district court found the case was analogous to searching two rooms of the same house.

with cocaine does not provide probable cause to search residence or other place); *Kansas v. Doile*, 244 Kan. 493, 769 P.2d 666, 672 (1989) (no probable cause for issuance of search warrant for defendant's home based on defendant's arrest a few hours earlier on drug possession charge and prior conviction for sale of cocaine). If probable cause to arrest a suspect also established probable cause to search the suspect's home or other place of abode, there would be no reason to distinguish search warrants from arrest warrants. *United States v. Lucarz*, 430 F.2d 1051, 1055 (9th Cir.1970). Moreover, landmark cases like *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), would make little sense. *Id.*[2]

■ On the other hand, we recognize drug use can be a habituating and continuing offense. *State v. Johnson*, 531 N.W.2d 275, 278 (N.D.1995). Thus, evidence of drug use at a particular location may support an inference of drug possession at the location. *See State v. Paterno*, 309 N.W.2d at 424. This inference, we believe, becomes the foundation for the probable cause determination in this case.

■ In this case, there was evidence presented to the issuing judge the occupants possessed drugs while in room 141. This evidence would support the reasonable inference the possessions brought to the motel by the occupants included drugs. *See State v. Edgington*, 487 N.W.2d 675, 678 (Iowa 1992) (discovery of loaded handgun under front seat of car established reasonable belief car trunk might contain other weapons). Clearly, there would have been probable cause to search room 141 for drugs if Franklin still occupied the room. *See State v. Paterno*, 309 N.W.2d at 424. Considering the close proximity between the room where the drugs were discovered and the room where the occupant's possessions were transferred, and the narrow time frame between the transfer of the possessions to the new room and the search, a substantial basis exists for concluding there was probable cause drugs would be located in the new room. Probable cause does not require a direct or personal observation that drugs be located in the place to be searched. *State v. Godbersen*, 493 N.W.2d at 855–56. If it was reasonable to infer Franklin possessed drugs in room 141, it was equally reasonable under the facts to infer he possessed drugs in room 152.

In the end, we are guided by our standard of review and our duty to give deference to the findings of the issuing judge. *State v. Weir*, 414 N.W.2d 327, 330 (Iowa 1987). Due to our preference for police to obtain warrants before conducting a search, we also resolve doubts over the validity of a warrant in favor of their validity. *Id.* Although the evidence presented to the judge to support the warrant was limited in this case we find a substantial basis existed for concluding drugs would be found in the second room at the time the warrant was issued. There was a sufficient nexus between the commission of the crime of possession of drugs and the room to be searched.

## II. Possession of Firearm

Franklin argues there was insufficient evidence to support a finding he was in "immediate possession or control" of a firearm while participating in the offense since he was not in the motel room when the firearm was found. We disagree.

Iowa Code section 124.401(1)(e) (1995) provides for an enhanced sentence for certain drug offenses if the person was in the "immediate possession or control of a firearm while participating" in the crime. The term "immediate possession" has a clear meaning. *See State v. Mehner*, 480 N.W.2d 872, 878–79 (Iowa 1992). It refers to actual possession. *Id.* This possession, however, must take place while the person is "participating" in the crime, not merely at the time of arrest. Iowa Code § 124.401(1)(e). *See* Iowa Code § 702.13 (a person participates in a crime beginning with the first act done toward the commission of the crime and ending with the arrest).

---

**2.** In *Chimel v. California,* the United States Supreme Court limited the scope of a search incident to a lawful arrest of a defendant in his home to his person and area from which he might obtain either a weapon or something that could be used as evidence against him. It refused to extend the boundaries of search to other areas of the house.

Considering all the circumstances, including the discovery of the handguns in the same room as the drugs, we find substantial evidence Franklin was in immediate possession of a firearm while participating in the crime of possession of methamphetamine with intent to deliver. There is ample evidence Franklin possessed the firearm prior to the time police searched the room but while he possessed drugs with intent to deliver.

**AFFIRMED.**

All judges concur except SACKETT, J., who dissents.

SACKETT, Presiding Judge (dissenting).

I dissent. I do not concur with the majority's belief that the discovery of drugs in a vacated motel room supports an inference the drugs were left by the last occupant of the room absent any other evidence connecting the last occupant to drug use or trafficking.

A guest in a motel room does not enjoy total control over that room. The management retains access to the room and the room is available to hotel management and assigned staff. Additionally, small items could be left by prior guests and not immediately discovered by the cleaning staff.

I would reverse.