Billings, Thomas P., J.
The Defendant/Intervenor’s Motion to Suppress Evidence Seized Pursuant to Invalid Search Warrants is ALLOWED.
In the District Court prosecution of the intervenor (Derek Lemire), the judge allowed Lemire’s motion to suppress the fruits of a search of 101 Dracut Street, Lowell (his residence), and those of subsequent searches of two accounts at the TD Bank North branch at 32 Mammoth Road, Lowell. All three searches were conducted pursuant to warrants, with the affidavit in support of the bank searches relying on records found in the search of the residence.
As far as I have been informed, the district court case is still pending, meaning that the Commonwealth would not be collaterally estopped from seeking a different outcome on the motion to suppress brought, on the same grounds, in this case. See Commonwealth v. Ringuette, 443 Mass. 1003, 1004 (2004).
I have, however, reviewed the search warrant affidavits and the district court judge’s dictated decision, and am in agreement with his well-explained ruling that evidence that Lemire was a large-lot marijuana dealer, combined with a single observation of an unidentified male going inside his residence and emerging six minutes later,[1] did not amount to probable cause to search the residence. See Commonwealth v. Gauthier, 425 Mass. 37, 40-41 (1997); Commonwealth v. Chongarlides, 52 Mass.App.Ct. 366, 370 (2001); Commonwealth v. Laughlin, 40 Mass.App.Ct. 926, 927 (1996); Commonwealth v. Olivares, 30 Mass.App.Ct. 596, 600 (1991). I also agree that because the bank *666 accounts were searched pursuant to a warrant issued on the strength of evidence seized in the search of the residence, the fruits of the bank searches must be suppressed as well.

ORDER

For the foregoing reasons, the Defendant/Intervenor’s Motion to Suppress Evidence Seized Pursuant to Invalid Search Warrants is ALLOWED. No fruits of the searches of 101 Dracut Street and of the TD Bank North branch at 32 Mammoth Road will be admitted in any evidentiary proceeding in this matter.

 I note that although Lemire was reported to be a “major supplier” of marijuana who sold it by the pound to distributors, the search warrant affidavit does not mention that the six-minute visitor was carrying anything, or had any visible bulges in his clothing, either going in or coming out.