# IN THE COURT OF APPEALS OF IOWA

No. 14-1426
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KYLA SHEA HAMILTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


        A defendant challenges the sentencing order following his guilty pleas to conspiracy to commit a forcible felony, robbery, and theft in the first degree. **CONVICTIONS AFFIRMED, SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion D. Trowers, Assistant County Attorney, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, P.J.**

Kyla Hamilton entered guilty pleas to conspiracy to commit a forcible felony and theft in the first degree. She received concurrent sentences not to exceed ten years, which were suspended. On appeal she claims the sentences were illegal because the theft should have merged into the conspiracy offense under Iowa Code section 706.4 (2013). She also claims the district court improperly ordered her to pay court costs associated with a dismissed charge.

We find the district court properly sentenced Hamilton for both conspiracy to commit a forcible felony and theft in the first degree. But we agree with Hamilton that remand is appropriate to correct the provision of the judgment order regarding court costs.

Hamilton's offenses were described in the minutes of testimony. On January 3, 2014, she and Tyler Jones drove Nicholas Martinez to the bank so Martinez could cash his disability check. When Martinez got back into the car, they drove into an alley. There, Jones assaulted Martinez while Hamilton took the money he had just received from the bank. They then forced Martinez out of the car and drove away.

On March 10, 2014, the State charged Hamilton by trial information alleging two counts: robbery in the second degree, in violation of Iowa Code section 711.3, and conspiracy to commit a forcible felony, in violation of Iowa Code section 706.3. The trial information was amended on May 1, 2014, to include a count of theft in the first degree, in violation of Iowa Code section 714.2(1).

On April 30, 2014, Hamilton entered into a plea agreement with the State. Hamilton pleaded guilty to conspiracy to commit a forcible felony and theft. In exchange, the State agreed to dismiss the robbery count. Hamilton admitted at the plea hearing that she and Jones "talked about getting money from this guy after giving him a ride to the bank" and that she took the money from the victim's pocket. The district court accepted the plea agreement.

On August 13, 2014, the district court sentenced Hamilton to concurrent prison terms not to exceed ten years and imposed the minimum fine on each count. The district court then suspended the prison terms and the fines and placed Hamilton on probation for three years. The court dismissed the robbery count "at cost to Defendant." Hamilton now appeals.

A defendant may challenge an illegal sentence at any time. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). We review claims of an illegal sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

## I.      Merger

Hamilton argues "in the context of this case," theft in the first degree was "theft from a person" under section 714.2(1), which was "not significantly different than conspiring to rob another person, even though the terms are not strictly synonymous." Thus, she contends the theft offense should have merged into the conspiracy count under section 706.4.

Iowa Code section 706.4 states: "A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be

committed pursuant to such conspiracy. A person may not be convicted and sentenced for both the conspiracy and for the public offense." Where a defendant has been convicted of both conspiracy and the offense underlying the conspiracy, the second sentence of section 706.4 requires merger and mandates sentencing solely on the substantive offense. *State v. Waterbury*, 307 N.W.2d 45, 52 (Iowa 1981). But when the underlying offense is not the same public offense a defendant was convicted of conspiring to commit, section 706.4 is inapposite. *State v. Smith*, 476 N.W.2d 86, 91 (Iowa Ct. App. 1991).

In this case Hamilton pleaded guilty to (1) conspiracy to commit the forcible felony of robbery and (2) theft in the first degree. Theft is a different public offense from robbery. *Compare* Iowa Code § 714.1 *with* Iowa Code § 711.1. Theft is not a forcible felony. Iowa Code § 702.11. And theft is not a lesser included offense of robbery. *State v. Holmes*, 276 N.W.2d 823, 825 (Iowa 1979). Theft includes the element of taking, while robbery does not. *State v. Rich*, 305 N.W.2d 739, 746 (Iowa 1981). Because robbery and theft (even first-degree theft from a person) are distinct offenses, the merger clause in section 706.4 did not apply to Hamilton's convictions. The court did not err in imposing judgment and sentence for both counts.

## II. Court Costs

Hamilton contends the court erred by ordering her to pay court costs for the dismissed robbery count because the plea agreement was silent on the payment of costs. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). The State agrees the court should have ordered dismissal without cost to Hamilton.

Agreeing with the parties, we remand to the district court for entry of a corrected judgment order vacating the provision requiring Hamilton to pay costs associated with the dismissed charge.

**CONVICTIONS AFFIRMED, SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**