STATE of Iowa, Appellant,

v.

William PECK, Appellee.

No. 93–857.

Court of Appeals of Iowa.

March 24, 1994.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., William McNertney, County Atty., David C. Skilling, Asst. County Atty., and Rob Dotson, Student Legal Intern, for appellant.

T.J. Braunschweig, Algona, for appellee.

Heard by SCHLEGEL, P.J., and HABHAB and CADY, JJ., but decided by HABHAB, P.J., CADY, J., and SCHLEGEL, Senior Judge.*

SCHLEGEL, Senior Judge.

The State appeals an order granting William Peck's motion for suppression of evidence against him. The State contends the district court erred in ruling the search warrant procedure in this case was defective.

William Peck worked for Marty Farms, Inc. As part of his employment agreement Peck was provided a farm (belonging to the business) on which to live. Dennis Marty, a stockholder in Marty Farms, was removing snow one day from Peck's driveway when his snowblower was damaged by a hidden pile of bricks. Marty entered the garage to look for tools with which to fix the snowblower. In the garage, Marty found a box of tools, some antique, which belonged to the farm and appeared to have been hidden.

On the basis of this information, Deputy Sheriff Smith requested, and was granted, a warrant to search "the house, garage, outbuildings and all vehicles found on the farm." Police then seized a large number of hand tools, antiques, and other articles from the farm. Peck was charged with third-degree theft in violation of Iowa Code sections 714.-1(4) and 714.2(3) (1991) (alleging Peck had in his possession and under his control property belonging to Marty Farms with the intent to deprive Marty Farms of the use of that property).

Peck pleaded not guilty and filed a motion to suppress the evidence seized pursuant to the warrant. He claimed the warrant was invalid because the application was based on the hearsay testimony of an informant about whom a finding of reliability was not made. The district court granted Peck's motion stating "although Deputy Smith testified that he informed the issuing judge that there was veracity and a basis of knowledge, this was not reduced to writing by the judge."

The supreme court granted the State's application for discretionary review on June 23, 1993. The State argues Marty was a presumptively reliable citizen informant who had personally observed the stolen property. The State contends that because Marty was a named informant, the issuing judge was not required to specify his reasons for finding credibility. The State also asserts the search warrant was not overbroad, and even if it was, the overbreadth does not constitute reversible error in this case since search and seizure took place only in the garage.

Peck argues, among other things, that Marty's credibility was called into question and needed to be established because Marty was trespassing on the land and violating

* Senior judge from the Iowa Court of Appeals serving by order of the Iowa Supreme Court.

Peck's rental rights. In the alternative, Peck contends that even if Marty had full right, license, and privilege to be on the property, there can be no theft of the tools because they had not been removed from Marty's possession or control.

Finally, Peck argues all the seized property was returned to the Martys where there is the possibility of alteration. He also asserts there was a second search of the garage without a warrant. We reverse the district court's determination that the search warrant procedure in the present case was defective and that the evidence accumulated as a result of that search should be suppressed.

▆ Since Peck is alleging a violation of his constitutional right to be protected against unreasonable searches and seizures, our scope of appellate review is an evaluation of the totality of the circumstances; this is the equivalent of de novo review. *State v. Godbersen*, 493 N.W.2d 852, 854 (Iowa 1992) (citing *State v. Swaim*, 412 N.W.2d 568, 570 (Iowa 1987)). Our examination is guided by the holding in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), as discussed in *State v. Godbersen*, 493 N.W.2d 852 (Iowa 1992):

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Godbersen* at 854 (citing *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983)).

▆ We have a duty to give deference to the magistrate's finding. *State v. Weir*, 414 N.W.2d 327, 330 (Iowa 1987). Due to the preference for warrants, any doubts are resolved in favor of their validity. *Id.* In *Godbersen*, the court stated:

We have consistently applied the following test for determining the existence of probable cause:

> whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there. Probable cause to search requires a probability determination as to the nexus between criminal activity, the things to be seized and the place to be searched.

*Id.* (citations omitted). In determining whether probable cause exists, our review is limited to consideration of only that information, reduced to writing, which was actually presented to the magistrate at the time the application for warrant was made. *State v. Mehner*, 480 N.W.2d 872, 875 (Iowa 1992).

*Id.* at 855.

▆ With these principles in mind, we consider the State's challenge to the district court's determination that the search warrant procedure in the present case was defective. Peck's motion to suppress evidence obtained pursuant to the search asserted that the issuing magistrate failed to make an independent evaluation of the informant's reliability. Peck argues this omission violates Iowa Code section 808.3 (1991), which requires the magistrate to make a finding that the informant or the informant's information appears credible for reasons specified by the magistrate.

Our supreme court has held that the required findings of section 808.3 apply only to *confidential* informants. *Weir*, 414 N.W.2d at 331. *See also State v. Iowa Dist. Court*, 472 N.W.2d 621, 623 (Iowa 1991). In the present case, the magistrate's endorsement is devoid of any specific reference to Marty's reliability or the credibility of the information he furnished. However, the lack of compliance with the statute does not require excision of the information provided by Marty from the application since Marty was a named, citizen informant.

A citizen informant is ordinarily defined as a person who is a witness to or a victim of a crime. *See J. Hall, Jr., Search and Seizure*, 5:31, 169 (1982). This court has

adopted the position that information imparted by a citizen informant is generally reliable. *State v. Post,* 286 N.W.2d 195, 200 (Iowa 1979).

The statement is merely a presumption, however, and not a per se rule. As we noted in *Post,* the reliability of a citizen informant is generally shown " 'by the very nature of the circumstances under which the incriminating information became known.' " [Citations omitted.] *State v. Niehaus,* 452 N.W.2d 184, 189 (Iowa 1990). "Any other rule would lead to the totally unacceptable result that public-spirited citizens interested only in law enforcement could seldom furnish information sufficient to establish probable cause." *Weir,* 414 N.W.2d at 331.

> Even though the magistrate need not make express findings of credibility when a search warrant affidavit relies on hearsay from a named informant, factors such as the veracity and basis of knowledge of such an informant are still relevant, if not controlling, when a reviewing court assesses "the totality of the circumstances."

*Id.* (citations omitted).

Here, Marty's basis for knowledge regarding his statements to the deputy sheriff was substantial. Marty owned the articles which were allegedly stolen; he was the alleged victim. Marty directly witnessed the fruits of the alleged crime in the possession of the accused, Peck, who was Marty's employee. The specificity of the facts related by Marty regarding the articles and their alleged concealment were detailed. In addition, Deputy Sheriff Smith, whose sworn testimony regarding Marty's factual account was relied upon in the magistrate's endorsement, had sufficient knowledge of the facts of the alleged crime to have been aware of the nature and location of the articles that were missing from Marty's farm. None of this information was public knowledge.

■ The purpose of the legal test for determining the validity of a search warrant "is to insure, within the context of a probable cause determination, that a neutral magistrate be presented with enough information regarding the 'veracity' and 'basis for knowledge' of the informant to determine that there is a fair probability the information is truthful". *Niehaus,* 452 N.W.2d at 190. Our review of the totality of the circumstances surrounding the warrant documents convinces us that a sufficient basis existed to support the magistrate's finding of probable cause to issue the search warrant.

Accordingly, we reverse the district court's judgment suppressing the evidence against the defendant. We remand this case for further proceedings consistent with such a reversal.

**REVERSED AND REMANDED.**