# IN THE COURT OF APPEALS OF IOWA

No. 13-0220
Filed June 10, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DAVID WINSLOW DUNHAM,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Polk County, Richard G. Blane II,

Judge.


       Defendant appeals his conviction for possession of a controlled substance

with intent to deliver.  **AFFIRMED.**


       David Barajas of Gaudineer & George, L.L.P., West Des Moines, for

appellant.

       David W. Dunham, Fort Dodge, appellant pro se.

       Thomas J. Miller, Attorney General, Kevin Cmelik and Heather R. Quick

(until withdrawal), Assistant Attorneys General, John Sarcone, County Attorney,

and Mark Taylor, Assistant County Attorney, for appellee.


       Considered by Doyle, P.J., McDonald, J., and Miller, S.J.*

       Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Defendant David Dunham appeals his conviction for possession of a controlled substance with intent to deliver. Dunham claims he received ineffective assistance because defense counsel did not: (1) conduct an adequate investigation of the case; (2) object to an amendment of the trial information; (3) engage in discovery and file a motion to suppress; and (4) make an objection on chain-of-custody grounds. We preserve some of the issues for a possible postconviction proceeding. On the issues we address, we find Dunham has not shown he received ineffective assistance. We affirm Dunham's conviction.

### I. Background Facts & Proceedings

On August 28, 2012, deputy Mark Mohr of the Polk County Sheriff's Office saw a stalled gray Mazda near Big Barn Harley Davidson. The license plates on the Mazda were registered to another vehicle, so deputy Mohr stopped to talk to the driver, Roger Tinkle. A Harley Davidson motorcycle was parked nearby, and the owner, David Dunham, had been assisting Tinkle in attempting to fix the Mazda.

As deputy Mohr was speaking to Tinkle, he saw Dunham put his hand in his left pocket, then move to the rear of the vehicle, to where his motorcycle was parked. Deputy Mohr saw Dunham reach down into the dirt with his left hand, disturb the dirt, then stand up and try to cover the area with his foot. Deputy Mohr checked the area and found three baggies with a white crystal substance buried under some sandy gravel. Dunham was placed under arrest. Officer Mohr found another plastic baggie with a white crystal substance and a glass

drug pipe in Dunham's front left pocket. Dunham also had $842 in cash. Subsequent testing showed the substance in the baggies was methamphetamine.

The State filed a trial information on September 26, 2012, charging Dunham with possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2011), a class B felony. The trial information also alleged this was a second or subsequent offense pursuant to section 124.411 and that the habitual offender enhancement under section 902.8 should be applied. On November 16, 2012, the State filed a motion seeking to amend the trial information to charge Dunham under section 124.401(1)(c)(6), a class C felony, because the amount of methamphetamine seized was less than five grams.

The court verbally approved the amendment of the trial information on the morning of the first day of the jury trial, November 26, 2012. During the trial, deputy Mohr testified as discussed above. Detective Tom Griffiths testified, based on his experience and training, about the general practices of people who sell methamphetamine. Dunham testified he had seen Tinkle before and so stopped to help him with his vehicle. He stated he went over to his motorcycle to get his cigarettes. He denied reaching down and burying anything. Dunham stated the methamphetamine and glass pipe found on his person belonged to him because he was a drug user. He stated he had cash because he had just been paid.

On November 27, 2012, the jury found Dunham guilty of possession of a controlled substance, methamphetamine, with intent to deliver. He stipulated to the matters involving sentencing enhancements. Dunham was sentenced on January 9, 2013, to thirty years in prison. He now appeals, claiming he received ineffective assistance of counsel.

## II.     Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.     Ineffective Assistance

**A.**     As his first claim of ineffective assistance, Dunham asserts defense counsel did not properly investigate the case. He claims defense counsel should have contacted Tinkle and his employer, David Clein, to question them about the events on August 28, 2012. "Counsel is required to conduct a reasonable investigation or make reasonable decisions that make a particular investigation unnecessary." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001).

Prior to the beginning of the jury trial, defense counsel made a statement on the record that Dunham had just mentioned Clein to her as a possible witness that morning. Defense counsel also stated she had attempted to contact Tinkle,

but he was the subject of a pending criminal charge, was represented by counsel, and counsel was as yet unwilling to allow her to speak with Tinkle. The court stated, "Well, Mr. Dunham, did you want to address something to the Court?" Dunham responded, "Not at this time, Your Honor."

"A defendant may raise an ineffective assistance claim on direct appeal if the record is adequate to address the claim." *State v. Jentz*, 853 N.W.2d 257, 267 (Iowa Ct. App. 2013). Such claims are ordinarily reserved for postconviction proceedings and will be addressed on direct appeal only if the record is adequate. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

While Dunham impliedly asserts there is an adequate record to address the issues he raises in this appeal, and the State asserts the record is adequate, we will separately consider each issue to determine if the record is adequate. On the issue of defense counsel's reasonable investigation of witnesses, we find the record is adequate because the issue was raised on the record before the trial. We find that when given the opportunity, Dunham did not dispute defense counsel's statements concerning her inability to contact Clein and Tinkle, and therefore, accepted the statements. We conclude he has not shown he received ineffective assistance on this issue.

Dunham also claims his defense counsel should have investigated to determine if the properties of the three bags of methamphetamine found in the dirt were similar to the properties of the methamphetamine found in his pocket.

We find the present record is not adequate to address this issue, and preserve it for a possible postconviction proceeding. *See State v. Vance*, 790 N.W.2d 775, 790 (Iowa 2010) (preserving issue for possible postconviction-relief proceedings when the record was inadequate).

**B.** Dunham contends defense counsel should have objected to the State's proposed amendment to the trial information. He asserts the amended trial information added an habitual offender enhancement, which was not mentioned in the original trial information. He also claims the amendment was improper because it was approved after the jury had reached its verdict.

Dunham is factually incorrect in his assertions. First, the trial information filed on September 26, 2012, charged Dunham with class B felony possession of methamphetamine with intent to deliver, alleged he was a second or subsequent offender, and gave notice of the application of the habitual offender enhancement provision under section 902.8. Second, the State's November 16, 2012 motion to amend the trial information was approved by the court on the record at the beginning of trial on November 26, 2012, before opening statements and the presentation of evidence. This amendment merely reduced the charge from class B felony possession of methamphetamine with intent to deliver to class C felony possession of methamphetamine with intent to deliver. Dunham cannot have been prejudiced by this reduction in charge. Third, the amended (supplemental) trial information that was signed by the court on November 26 but not filed in the clerk's office until the next day, in fact does not add sentencing enhancements as asserted by Dunham. Those were contained in the original

September 26, 2012 trial information. The supplemental trial information appears to be nothing more or less than what is required by Iowa Rule of Criminal Procedure 2.6(5) "for the purpose of trial of the facts of the current offense only." We conclude there is no basis for a finding that Dunham received ineffective assistance because defense counsel did not object to the amended trial information.

**C.**    In a pro se brief, Dunham asserts he received ineffective assistance because defense counsel did not adequately engage in discovery or file a motion to suppress. He states deputy Mohr did not have probable cause or a reasonable suspicion of criminal activity to warrant requesting to see Dunham's identification. He asserts his Fourth Amendment rights were violated and the evidence seized by deputy Mohr, the four baggies of methamphetamine, should have been suppressed.

"In order for the Fourth Amendment to apply in this case, there must first be a 'seizure.'" *State v. Wilkes*, 756 N.W.2d 838, 842 (Iowa 2008). A seizure occurs when there are "objective indices of police coercion." *State v. Lowe*, 812 N.W.2d 554, 570 (Iowa 2012). In general, when an officer does not stop a vehicle, but walks up to a vehicle that is already stopped, there has been no seizure. *State v. Harlan*, 301 N.W.2d 717, 720 (Iowa 1981); *see also State v. Smith*, 683 N.W.2d 542, 547-48 (Iowa 2004) (finding there was no seizure when an officer asked the driver of a stopped vehicle for identification and the person voluntarily complied with the request). We conclude Dunham was not seized, and thus, the Fourth Amendment does not apply.

Additionally, the officer was justified in stopping because the Mazda's license plates were registered to another vehicle, which is a violation of section 321.96 and constitutes a simple misdemeanor. "When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

Dunham has not shown that if defense counsel had filed a motion to suppress, such a motion would have been successful. Counsel is not ineffective for failing to raise a meritless issue. *State v. Smothers*, 590 N.W.2d 721, 724 (Iowa 1999). To the extent Dunham is claiming defense counsel did not engage in adequate discovery, we determine the present record is inadequate to address the issue and preserve it for a possible postconviction proceeding. *See Vance*, 790 N.W.2d at 790.

**D.** Dunham claims his defense counsel should have objected, on chain-of-custody grounds, to the admission in evidence of the methamphetamine.[1] He contends there was a break in the chain of custody between when deputy Mohr obtained the baggies of methamphetamine and when they were produced at trial. He asserts there were significant weight differences.[2] Dunham claims the methamphetamine should have been suppressed because the State did not adequately establish the chain of custody.

---

[1] He also claims the trial court abused its discretion by admitting the methamphetamine into evidence, arguing chain of custody was not shown. However, as no objection to admission was made, this claim is not preserved for appeal.

[2] It is not clear whether he means significant weight differences between the baggies or significant weight differences between the methamphetamine when it was seized and when it was produced at trial. There is no significant difference in the weight of the baggies, which were .84 grams, .78 grams, .83 grams, and .64 grams. While the State

The State has the burden to establish a chain of custody for physical evidence produced at trial. *State v. Mehner*, 480 N.W.2d 872, 877 (Iowa 1992). The State must show "circumstances making it reasonably probable that tampering, substitution or alteration or evidence did not occur. Absolute certainty is not required." *State v. Biddle*, 652 N.W.2d 191, 196 (Iowa 2002). The State's burden is heavier when the evidence is very susceptible to tampering, like controlled substances. *Id.* The State is aided by a presumption that State agents would not tamper with an exhibit. *Mehner*, 480 N.W.2d at 877. Similarly, there is a presumption evidence has not been tampered with "when the record shows the disputed evidence was sent to the DCI crime lab and handled in conformity with the rules governing the lab." *State v. Knight*, 852 N.W.2d 273, 279 (Iowa Ct. App. 2014).

Deputy Mohr testified the baggies of methamphetamine presented to him during the trial were in substantially the same condition as when they were found on August 28, 2012. He stated that after he obtained the baggies of methamphetamine they were placed into evidence at the Polk County Sheriff's Office. Deputy Mohr testified the four baggies were taken to the Division of Criminal Investigation (DCI) laboratory for testing. The lab report, which was admitted into evidence, shows the baggies were brought to the lab by Bob

---

first charged Dunham with possession of more than five grams of methamphetamine with intent to deliver and later amended the charge to possession of less than five grams of methamphetamine with intent to deliver, there is no evidence to show this was due to anything other than their weights being determined by the State DCI Laboratory, rather than some of the methamphetamine becoming lost or missing.

Ramsey, from the Polk County Sheriff's Office. Deputy Mohr testified Ramsey brought the four baggies to court.

We can presume the deputies and the DCI lab would not tamper with the evidence. *See Mehner*, 480 N.W.2d at 877; *Knight*, 852 N.W.2d at 279. We conclude Dunham has not shown that even if defense counsel had objected to presentation of the methamphetamine on chain-of-custody grounds, such an objection would have been successful. We will not find defense counsel ineffective for failing to raise a meritless issue. *Smothers*, 590 N.W.2d at 724.

**E.** In his pro se brief, Dunham includes a list of additional things he believes defense counsel should have done. There are no arguments or citations given to support his complaints. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). We conclude Dunham has waived these issues on appeal.

We affirm Dunham's conviction for possession of a controlled substance (methamphetamine) with intent to deliver.

**AFFIRMED.**