# IN THE COURT OF APPEALS OF IOWA

No. 15-1896
Filed October 26, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JONATHAN LEE SHUTT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.

Jonathan Lee Shutt appeals from his conviction for burglary in the second

degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Jonathan Lee Shutt appeals from his conviction for burglary in the second degree, alleging the district court erred in admitting evidence outside the scope of the minutes of testimony and he received ineffective assistance of counsel. We affirm.

## I.    Backgrounds Facts and Proceedings

In the early morning hours of August 27, 2014, law enforcement received a report of a break-in at a residence in Fort Dodge. A blood sample was collected from the scene by Officer Kleppe and submitted to the Iowa Division of Criminal Investigations (DCI) laboratory for possible DNA analysis. The sample was analyzed by DCI Criminalist Tara Scott—and the results were memorialized in a report that was admitted at trial—and run through the State's DNA database by another criminalist, which resulted in a possible match.

At trial, Officer Kleppe testified he received a report from the DCI lab indicating there was a possible match. Officer Kleppe was not permitted to testify about the results of the DCI report. Officer Kleppe testified that, after receiving the result, which included the "name of who the blood belonged to," he obtained an arrest warrant for Shutt and a search warrant to obtain a sample of Shutt's DNA. Officer Kleppe obtained this DNA sample on July 23, 2015, and sent it to the DCI lab for analysis.

Criminalist Scott analyzed the sample collected from Shutt and issued a report on September 3, 2015, indicating Shutt's sample matched that collected at the scene. Defense counsel received this report a few days before trial. The

report was entered into evidence at trial, and Criminalist Scott testified consistent with the contents of that report.

On July 31, 2015, Shutt was charged with burglary in the second degree. A jury trial commenced on September 29. The jury convicted Shutt the following day. Shutt appeals.

## II.    Standard and Scope of Review

We review a ruling on an objection that certain testimony was beyond the scope of the minutes of evidence for an abuse of discretion. *State v. Hayes*, 532 N.W.2d 472, 476 (Iowa Ct. App. 1995); *see also State v. McMillen*, No. 09-0487, 2010 WL 786037, at *2 (Iowa Ct. App. Mar. 10, 2010). "The minutes of testimony need only be sufficient to alert the defendant generally to the source and nature of the evidence against him." *State v. Mehner*, 480 N.W.2d 872, 877 (Iowa 1992). "Whether testimony is within the scope of the minutes must be decided on a case-by-case basis." *State v. Ellis*, 350 N.W.2d 178, 181 (Iowa 1984). Even if an abuse of discretion has occurred, reversal will not be warranted if error was harmless. *State v. Newell*, 710 N.W.2d 6, 19 (Iowa 2006).

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). We review ineffective-assistance claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

### III. Analysis

#### A. Minutes of Testimony

On appeal, Shutt contends the district court erred in admitting testimony concerning the comparison of the known DNA sample collected from him on July 23, 2015, with the sample collected at the scene, claiming the evidence was beyond the scope of the minutes of testimony. Specifically, Shutt argues Criminalist Scott's testimony about the comparison, along with the report about the comparison, should have been excluded.

Iowa Rule of Criminal Procedure 2.5(3) requires the prosecuting attorney to "file the minutes of evidence of the witnesses which shall consist of a notice in writing stating the name and occupation of each witness upon whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony."[1] *See Mehner*, 480 N.W.2d at 877 ("The minutes of evidence must provide a full and fair statement of the witness' expected testimony."). While "[t]he minutes need not list each detail to which a witness will testify," they must alert the defendant "to the source and nature of the information against him." *Ellis*, 350 N.W.2d at 181. "[W]hen the challenged minutes, though incomplete, put defendant 'on notice of the necessity of further investigation of the witness' probable testimony,' reversal need not follow admission of matters they do not disclose." *State v. Musso*, 398 N.W.2d 866, 868 (Iowa 1987) (citation omitted). We "will not reverse on the ground of technical defects in procedure

---

[1] Rule 2.5(3) uses the terms "minutes of evidence" and "statement of the witness' expected testimony." In this case, the document filed by the prosecuting attorney as intended compliance with this rule was captioned "minutes of testimony." In this opinion we use the terms interchangeably.

[including the minutes of testimony] unless it appears in some way to have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information." *State v. Braun*, 495 N.W.2d 735, 741 (Iowa 1993).

The minutes of testimony provided Criminalist Scott would testify, in relevant part, as follows:

> She will testify as to which pieces of evidence she was asked to examine for DNA. She will testify to her findings and how she conducted that analysis. She will testify that these findings were entered into the State's database[] for comparison to known DNA profiles. Specifically, that [Shutt's] DNA was located on swabs taken from the front garage door as submitted by the Fort Dodge Police Department.

In an amended minutes of testimony, the State indicated Criminalist Scott would "testify in conformity with the attached reports." The reports pertained to the swab collected at the crime scene and the swabs collected from Shutt and contained a request that a comparison be run on the two samples.

Shutt argues this disclosure "failed to provide any notice that comparison of [Shutt's] known DNA sample with the unknown DNA sample from the scene had actually been accomplished resulting in a match." Shutt also argues the minutes failed to disclose the contents of the report.

DCI reports, however, are not subject to the requirements of rule 2.5. *See State v. Givens*, 248 N.W.2d 86, 87-88 (Iowa 1978) (stating the predecessor section to rule 2.5 "requiring the State to list Witnesses, does not apply to Criminalistics Laboratory Reports"); *see also State v. Pitlik*, 247 N.W.2d 741, 742 (Iowa 1976).

Shutt notes he filed a notice under Iowa Code section 691.2 (2013), requesting the in-person testimony any DCI witness. *See* Iowa Code § 691.2 ("A party or the party's attorney may request that an employee or technician testify in person at a criminal trial . . . ."). Shutt argues that, because defense counsel invoked section 691.2 and demanded Criminalist Scott testify in person, *Givens* is inapplicable. We have repeatedly noted section 691.2 protects a defendant's confrontation rights. *See, e.g.*, *State v. Holzhauser*, No. 12-1558, 2013 WL 3830194, at *2 (Iowa Ct. App. July 24, 2013); *Watson v. State*, No. 11-1833, 2013 WL 99862, at *6 (Iowa Ct. App. Jan. 9, 2013). In accordance with Shutt's request, Criminalist Scott testified at trial. Shutt has failed to cite any authority supporting his contention his notice also subjects DCI reports to the requirements of rule 2.5 and has failed to cite any provision of the statute that would indicate such a result was intended.

Further, we find Shutt had sufficient notice. The minutes of testimony identified Criminalist Scott and specified she would testify to the results of any DNA analysis and comparison she performed. The minutes of testimony also disclosed Criminalist Scott would testify "in conformity with" the reports provided, which indicated a comparison had been requested on the swabs taken from Shutt with those recovered at the crime scene. Shutt was aware the samples had been taken and submitted for comparison. Further, the record reflects Shutt's counsel inquired about the report when meeting with the State before trial, at which point the report was produced. *See* Iowa Code § 691.4 (providing any report must be given to the defendant "at least four days prior to trial" and failure to provide the report within such a timeline "shall be grounds for a

continuance"). Shutt was aware of the source and nature of Criminalist Scott's testimony and the need for further investigation.

Even assuming Criminalist Scott's testimony was outside the scope of the minutes of testimony, her statements were cumulative with those already contained in the admissible DCI report, and any error would be harmless. *See State v. Wilson*, 878 N.W.2d 203, 218-19 (Iowa 2016) (noting, when a court improperly admits evidence, the admission need not require reversal where the erroneously admitted evidence was merely cumulative). Thus, any error would be harmless.

## B.    Ineffective Assistance of Counsel

Shutt also contends his trial counsel was ineffective for failing to object to Officer Kleppe's testimony regarding the report of the possible match received from the DCI lab. Shutt alleges this testimony constituted inadmissible hearsay.

Shutt claims prejudice resulted because this testimony tied him to the crime scene and implicated him as the perpetrator. However, the testimony of Criminalist Scott and her report directly tied Shutt to the crime scene. Shutt has failed to prove "a reasonable probability that, but for the counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *State v. Clay*, 824 N.W.2d 488, 496 (Iowa 2012) (citation omitted); *see also id.* (finding the defendant must "show that the probability of a different result is sufficient to undermine confidence in the outcome" (citation omitted)).

**AFFIRMED.**