# IN THE COURT OF APPEALS OF IOWA

No. 14-1523
Filed November 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CODY AUSTIN MACKENZIE,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.


Cody Mackenzie appeals his conviction for possession of marijuana. **AFFIRMED.**


John J. Wolfe of Wolfe Law Office, Clinton, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Cody Mackenzie appeals his conviction for possession of marijuana after a jury trial. He contends the district court erred in finding the requisite chain of custody for the marijuana seized during a search of Mackenzie's bedroom.

It is the State's burden to show it is "reasonably probable that tampering or substitution" of the evidence did not occur. *State v. Mehner*, 480 N.W.2d 872, 877 (Iowa 1992). "Admission of evidence over a chain of custody objection is a matter within the trial court's discretion and reversal is warranted only when a clear showing is made that the discretion was abused." *Id.*; *State v. Bakker*, 262 N.W.2d 538, 543 (Iowa 1978) (noting we review for abuse of the trial court's discretion).

"[T]o establish a chain of custody adequate to justify admission of physical evidence, the State must show only 'circumstances making it reasonably probable that tampering, substitution or alteration of evidence did not occur.'" *State v. Biddle*, 652 N.W.2d 191, 196 (Iowa 2002) (citation omitted). "This foundational requirement is generally met by showing the continuous custody of the exhibit was such as to render it improbable that anyone tampered with the original item or substituted a different item." *State v. Piper*, 663 N.W.2d 894, 907 (Iowa 2003), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545 (Iowa 2010). "The prosecution is assisted in establishing the required foundation by a presumption that 'State agents would not tamper with the evidence.'" *Id.* (citation omitted).

At trial, the State introduced the marijuana seized in Mackenzie's bedroom through Detective Joe Caffery. The court at first sustained the defense's

objection that the State had failed to show the necessary chain of custody.

Detective Caffery testified exhibit 232 "is a round plastic container that we utilize in our evidence room that contains less than a gram of marijuana." He stated he located the suspected marijuana in Mackenzie's bedroom, placed it into the plastic container, placed the container in a plastic bag, sealed it with evidence tape, heat sealed the tape, and initialed the bag. Detective Caffery delivered the exhibit to the vault custodian, Detective Brian Staszewski.

Detective Staszewski testified he was in charge of the evidence vault at the Scott County Sheriff's Office and also tested controlled substances. Items placed in the evidence vault are logged into an electronic system (referred to as the BEAST). Detective Staszewski testified he recognized exhibit 232—

> A. It is a heat-sealed plastic bag containing a clear plastic container and the clear plastic container has green plant material in it.
> Q. Did you test that green plant material? A. Yes, sir.
> Q. How do you know you tested that green plant material? A. Because on the bottom it has my initials, B.S., and the date I test it and my badge number.
> Q. What were the results of that test? A. Item 24 was the same as other plants identified as marijuana.
> . . . .
> Q. How many people handled Exhibit 232? A. Exhibit 232? Two people.
> Q. And who were those two people? A. It was Detective Caffery who put it in the BEAST and then myself who went ahead and opened it.
> Q. And did that piece of evidence go through the same process you talked about, putting it in a secure locker and then you remove it and so on and so forth? A. Yes.
> Q. Any doubt in your mind that Exhibit 232 is marijuana? A. No doubt.

"'Admission of evidence over a chain-of-custody objection is a matter within [the] trial court's discretion.' Once the court has determined an adequate

foundation has been laid, any doubt that the exhibit is what it purports to be goes to the weight of the evidence." *Piper*, 663 N.W.2d at 908 (citation omitted).

The testimony of Detectives Caffery and Staszewski and the appearance of the exhibit[1] are sufficient from which the trial court could determine it was "improbable that anyone tampered with the original item or submitted different items." *See id.* It may have been possible, but the State need only prove it is improbable. Because Mackenzie has not made a clear showing that the trial court's discretion was abused, we affirm.

**AFFIRMED.**

---

[1] In a discussion held outside the presence of the jury, the trial court stated,

> As I recall the testimony, the detective testified that his initials were on it and if there was another detective that would have checked it out, it would have been the procedure for that detective to initial that bag, and he did not note any other initials on the bag.