# IN THE COURT OF APPEALS OF IOWA

No. 19-1863
Filed July 22, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**STEPHEN CRAIG LEONARD,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clay County, Andrew Smith, District Associate Judge.

Stephen Leonard appeals his conviction of possession of a controlled substance, third or subsequent offense. **AFFIRMED.**

Pamela Wingert, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson and Genevieve Reinkoester, Assistant Attorneys General, and Ryan Benn, Law Student, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

In August 2018, Deputy Tyler Heck of the Clay County Sheriff's Office applied for a search warrant of Stephen Leonard's residence. The warrant affidavit provided that Heck went to Leonard's residence to serve a civil paper and, when Leonard opened the door, Heck "got a very strong smell of raw marijuana coming from his residence." Heck additionally stated as follows:

> Through my training and experience I know the smell of marijuana to be marijuana. I have been involved in approximately 50+ drug investigation[s] through my career. I have also attended trainings specific to narcotics throughout my career. I am also the K9 handler for the Clay County Sheriff's Office and have marijuana that has been tested and the smell is consistent with what I smelled at the door. Based on my training and experience, I know that individuals who use illegal narcotics often keep the narcotics or items related to the consumption of narcotics in their personal property within their residence or garages, or on their persons. Based on the information provided, there is probable cause to believe that items indicating the possession and/or use of illegal narcotics and drug paraphernalia is present on the person of Stephen Craig Leonard or in the residence of Stephen Craig Leonard.

A magistrate approved the application. Leonard was subsequently charged by trial information with possession of a controlled substance, marijuana, third or subsequent offense.

Leonard filed a pretrial motion to suppress, generally arguing the evidence obtained pursuant to the search of his residence should be suppressed because the search warrant application and affidavit did not establish probable cause. He also filed a motion for appointment of an expert witness at State expense "to testify about marijuana." At the ensuing hearing on both motions, Leonard clarified he desired an expert witness for purposes of the suppression issue. The court orally ruled that expert testimony would go outside the four corners of the warrant

application and denied the motion for an expert witness.[1]  The court entered a written ruling denying the motion to suppress, concluding Heck's smell of raw marijuana was a sufficient basis to allow the magistrate to approve the warrant application.[2]  The court denied Leonard's motion to reconsider, enlarge, or amend, in which he generally requested the record be opened for reconsideration of evidence not contained in the search warrant application.  Leonard was ultimately found guilty as charged.[3]  He appealed following the imposition of sentence.

On appeal, Leonard argues the district court erred in denying his motions to suppress and for appointment of an expert witness.  We review a challenge to a search warrant for an alleged lack of probable cause de novo, based on the totality of the circumstances.  *See State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015).  "[W]e do not make an independent determination of probable cause," we merely determine "whether the issuing judge had a substantial basis for concluding probable cause existed."  *Id.* (quoting *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997)).  "[W]e draw all reasonable inferences to support the judge's finding of probable cause and give great deference to the judge's finding"—"[c]lose cases are decided in favor of upholding the validity of the warrant."  *Id.* (first alteration in original) (quoting *Gogg*, 561 N.W.2d at 364).

---

[1] The court advised Leonard he could pursue appointment of an expert witness in the future if he believed there was any basis to believe expert testimony would assist the a factfinder in making any determination.

[2] The warrant application also referenced Leonard's two prior drug convictions in 1995.  The court noted they were too remote to provide support for the probable cause determination and it did not consider them.

[3] Leonard had previously filed a second motion to suppress, generally raising the same arguments as his first.  The motion and subsequent motion to reconsider, enlarge, or amend were likewise denied.

Upon our review, we agree with the district court that the "very strong smell of raw marijuana coming from [Leonard's] residence" coupled with Heck's substantial experience and training in narcotics investigations provided the magistrate with a substantial basis for determining probable cause existed. *See, e.g.*, *State v. Watts*, 801 N.W.2d 845, 854–56 (Iowa 2011). We affirm on this point without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

We turn to the denial of Leonard's motion for appointment of an expert witness at State expense. We review said denial for an abuse of discretion, our most deferential standard of review. *See State v. Leutfaimany*, 585 N.W.2d 200, 207 (Iowa 1998); *see also State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). Our review of probable cause determinations is normally limited to the information, reduced to writing, that is presented to the judge or magistrate in support of a warrant application. *State v. Mehner*, 480 N.W.2d 872, 875 (Iowa 1992). Leonard's request for an expert in conjunction with the suppression hearing appears to have been aimed at challenging Heck's veracity in his warrant affidavit. A defendant is entitled to "challenge the veracity of an affidavit by showing that the affiant: (1) intentionally and knowingly made a false statement, or (2) made a false statement with reckless disregard for the truth." *State v. Groff*, 323 N.W.2d 204, 207 (Iowa 1982) (adopting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). But this entitlement arises "only after he has made a preliminary showing under oath that the affiant included false statements in the affidavit." *Id.* at 208. To mandate such a hearing, the preliminary showing must be more than conclusory. *Id.* at 209 (quoting *Franks*, 438 U.S. at 171).

While Leonard challenged Heck's veracity in his motion to suppress, his separate motion for appointment of an expert was limited to the following: "The defendant needs an expert to testify about marijuana." At the hearing on both motions, when asked about his motion for an expert, Leonard stated he just wanted "someone who could testify to the facts of marijuana and the ability to smell marijuana," "the human's ability, you know, of smelling raw marijuana in a sealed container." Even if Leonard had requested a *Franks* hearing to challenge Heck's veracity with expert testimony—which he did not—we conclude Leonard was "merely embarking on a 'random fishing expedition' in search of a defense" and, because allowing State funds for experts is discouraged in such a situation, the district court did not abuse its discretion in denying the request. *See Leutfaimany*, 585 N.W.2d at 208. As such, we deny the motion for appointment of an expert witness.

We affirm Leonard's conviction of third-or-subsequent possession of a controlled substance.

**AFFIRMED.**